In the Matter of the Claim of DOROTHY SMOLOFSKY, Appellant. EDWARD CORSI, as Industrial Commissioner, Respondent.— Appeal from a decision of the Unemployment Insurance Appeal Board which reversed the decision of a referee and sustained the initial determination of the Industrial Commissioner disqualifying claimant for benefits beginning February 4, 1952. Claimant lost her employment through no fault of her own. A few days thereafter she left for Florida, with another, and she did not return to the State of New York until April 2, 1952. While in Florida she filed a claim for insurance benefits effective February 4, 1952, with New York as the liable State. The proof indicates, and the board so found, that claimant was unwilling to accept the labor market conditions which existed in Florida. She rejected two offers of employment there. Apparently claimant went to Florida because of her mother's health and she made no inquiries prior to her departure as to the prospects of obtaining employment in Florida. The board found that she was unavailable for employment within the meaning of the statute, and under all the facts and circumstances revealed we think this was an issue of fact and the board's decision thereon was final. Decision unanimously affirmed, without costs. Present — Foster, P. J., Brewster, Coon, Halpern and Imrie, JJ.

■

In the Matter of P. S. HOTEL CORP., Respondent. EDWARD CORSI, as Industrial Commissioner, Appellant.— Appeal by the Industrial Commissioner from a decision of the Unemployment Insurance Appeal Board which affirmed a referee's decision overruling an initial determination of appellant. The initial determination denied respondent certain contribution rate credits to which it had become entitled on the ground that it lost them when it ceased operating the Hotel Sherman on August 31, 1948, upon the surrender of its lease to the owner of the premises, and that such credits were acquired by a new lessee of the premises who continued to operate the hotel. The determination was based on paragraph (c) of subdivision 1 of section 577 of the Labor Law in that upon the respondent's giving up of its lease of that hotel and ceasing to operate it, the new lessee, despite any privity with respondent, thereby acquired all or substantially all of the latter's assets and that respondent thereupon "discontinued operations". The evidence is that the new lessee of the Hotel Sherman acquired none of the assets of the respondent when the latter surrendered its lease and quit its operation of that hotel; that upon surrendering its lease the respondent continued to exist as a corporate entity and continued in business as the owner and lessor of another hotel in New York City which, on March 1, 1949, the operator's lease thereof having terminated, it took over into its direct possession and actual operation which it had continued. The finding of the Appeal Board that the respondent employer did not cease operations but continued on as a qualified employer within the meaning of the statute is amply sustained by evidence. (*Matter of Wolin & Ross [Corsi]*, 276 App. Div. 236.) Decision unanimously affirmed, with costs to the respondent against the Industrial Commissioner. Present — Foster, P. J., Brewster, Coon, Halpern and Imrie, JJ.